UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 25-40356 |
| | ) | Chapter 13 |
| STUART JAMES THILL | ) | |
| SSN/ITIN xxx-xx-6469 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BRIAN WOLFGANG and RENAE WOLFGANG | ) | Adv. No. 26-4002 |
| | ) | |
| Plaintiffs | ) | |
| | ) | DECISION RE: |
| -vs- | ) | PLAINTIFFS' MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| STUART JAMES THILL | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Plaintiffs' unopposed Motion for Summary Judgment and its supporting documents. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).

**FACTS**

On November 13, 2025, Debtor-Defendant Stuart James Thill ("Debtor") filed a chapter 13 bankruptcy petition, and the Court confirmed his modified chapter 13 plan on February 11, 2026. Before Debtor filed his bankruptcy petition, Plaintiffs Brian and Renae Wolfgang ("Plaintiffs") rented Debtor a personal residence pursuant to a residential lease agreement.[1] Plaintiffs ultimately initiated an action against Debtor in the Second Judicial Circuit, County of Minnehaha, State of South Dakota (the "state court"), seeking damages for breach of the lease agreement, breach of

[1] This decision refers to the lease "agreement" (singular) although certain documents in the record suggest the parties executed two consecutive lease agreements.

statutory duties, and fraud. On September 23, 2016, the state court entered a Partial Judgment in favor of Plaintiffs on their unopposed summary judgment motion, finding Debtor "engaged in fraud in leasing the property owned by Plaintiffs by signing Defendant Sandra Kant's name to the subject rental agreements without her knowledge or consent[.]" The state court further ordered, "Plaintiffs are entitled to damages for unpaid rent in the amount of $1,360.00, plus prejudgment interest at the rate of 18% in the amount of $847.55 pursuant to the rental agreement between the parties...[and] their attorney's fees...."

The state court impaneled a jury to try the remaining issues and determine whether additional damages were warranted. The jury's specific findings included answering "yes" to the question: "Was Defendant Stuart Thill's fraud in forging Sandra Kant's name to the residential lease agreements without her knowledge or consent a legal cause of damages to Plaintiffs Brian Wolfgang and Renae Wolfgang?" The jury also found $12,139.01 was the "reasonable expense of necessary repairs to the damaged property" and Plaintiffs were "entitled to prejudgment interest, beginning May 01, 2013." Judgment was entered in the state court on December 4, 2017, and included prejudgment interest of $10,026.55, costs and disbursements of $1,679.23, and attorney's fees of $31,542.11, for a total award of $55,386.90.

On February 20, 2026, Plaintiffs commenced this adversary proceeding against Debtor, seeking entry of judgment excepting their claim of $99,408.10[2] from any discharge which may be granted to Debtor in accordance with 11 U.S.C. §523(a)(2) and (a)(6), along with attorneys' fees, costs, interest, and such other relief as the Court deems proper. In Count 1, Plaintiffs allege Debtor owes them a debt "obtained...by false pretenses, false representations, and/or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A)." In Count 2, Plaintiffs allege Debtor owes them a debt "related to willful injury to the property of another within the meaning of 11 U.S.C. § 523(a)(6)."

[2] Plaintiffs' proof of claim for $99,408.10 arises from the $55,386.90 state court judgment plus $44,021.20 in post-judgment statutory interest Plaintiffs claim from December 4, 2017, through November 13, 2025.

In addition to admitting the jurisdiction of the Court and venue, Debtor did not dispute the identity of the parties involved and admitted he was a party to a rental agreement "to lease a personal residence owned by [Plaintiffs]...in Sioux Falls...." Debtor also admitted the exhibits Plaintiffs attached to their complaint are true and correct copies of the Special Verdict Form and Judgment from a jury trial on November 17, 2017, where Debtor was represented by counsel and Plaintiffs were awarded a judgment on the verdict. Debtor denied "each and every" other allegation in the adversary complaint.[3]

On June 25, 2026, Plaintiffs filed a Motion for Summary Judgment pursuant to Count 1 of their adversary complaint, accompanied by a Statement of Undisputed Material Facts and a brief.[4] Debtor did not respond to the motion for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020) (citing Phillips v. Mathews, 547 F.3d 905, 909 (8th Cir. 2008)). An issue of material fact is *genuine* if the evidence would allow the trier of fact to return a verdict for either party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). A fact is *material* if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the record does not contain a genuine issue of material fact and identifying the parts of the record which bear out this assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Further,

---

[3] Debtor further answered that Count 2 of the adversary complaint, which alleges non-dischargeability under section 523(a)(6), fails to state a cause of action upon which relief may be granted and denied Plaintiffs are entitled to attorney fees for this adversary action.
[4] Plaintiffs do not address 11 U.S.C. §523(a)(6) in their Motion for Summary Judgment.

"[i]f the moving party is the plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the claim." Ramette v. Al & Alma's Supper Club Corp. (In re Bame), 252 B.R. 148, 154 (Bankr. D. Minn. 2000).

Once the movant has met this burden, the non-moving party "must advance specific facts to create a genuine issue of material fact" to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997) (quoting Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 64 F.3d 1202, 1211 (8th Cir. 1995)). If the non-moving party does not oppose the summary judgment motion, the court must still determine whether summary judgment is appropriate as a matter of law on that claim. Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997); see also Feickert v. Wheeler, 2022 WL 899531, at *3 (D.S.D. March 28, 2022). However, the evidence must be viewed in the light most favorable to the party opposing the motion. Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996) (citing Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971 (8th Cir. 1994)).

**II. Collateral Estoppel**

The Court can grant summary judgment if it determines collateral estoppel principles preclude it from conducting further proceedings on issues that have been litigated and ruled upon in a prior court action. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). In their complaint, Plaintiffs seek a determination the debt owed to them by Debtor cannot be discharged pursuant to 11 U.S.C. §523(a)(2)(A). Plaintiffs argue they meet their burden of proof under 11 U.S.C. §523(a)(2)(A) with the doctrine of collateral estoppel, which prevents the Court from reaching a conclusion contrary to that of the state court on certain issues decided in that forum. See Grogan v. Garner, 498 U.S. 279, 284, n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). "[W]hen assessing the preclusive effect of a state court judgment, we apply that state's law governing preclusion." First State Bank of Roscoe v. Stabler, 914 F.3d 1129, 1137 (8th Cir. 2019) (citing Finstad v. Beresford Bancorporation, Inc., 831 F.3d 1009, 1013 (8th Cir. 2016)). Therefore,

the Court looks to South Dakota law to determine what preclusive effect should be given to the state court judgment Plaintiffs obtained against Debtor.

Collateral estoppel consists of "a well-established four-part test: (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication." Healy Ranch, Inc. v. Healy, 978 N.W.2d 786, 799 (S.D. 2022) (citing Dakota, Minnesota & E. R.R. Corp. v. Acuity, 720 N.W.2d 655, 661 (S.D. 2006)). "Bankruptcy courts can properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action for fraud." Northern Hills Collections, Inc. v. McArthur (In re McArthur), 2023 WL 5597826, at *3 (Bankr. D.S.D. 2023) (citing Grogan, 498 U.S. at 284).

With respect to the second prong of the collateral estoppel test, a final judgment on the merits, "[w]hen an action for damages proceeds to trial and a judgment is entered on the verdict, that judgment represents a final determination of the plaintiff's claim for those damages." Fluth v. Schoenfelder Constr., Inc., 917 N.W.2d 524, 531 (S.D. 2018) (quoting Welsh v. Gerber Products, Inc., 555 A.2d 486, 492 (Md. 1989)). "The criteria for determining finality are whether the parties were fully heard and whether the decision was deliberated and firm, subject to appeal, and procedurally definite." Riis v. Shaver, 458 F.Supp.3d 1130, 1165 (D.S.D. 2020) (internal quotations and citation omitted). Debtor admits in his Answer he was represented by counsel in the November 2017 jury trial which resulted in a judgment against him. Further, it appears the appeal time has run and any other rights which could affect the judgment have lapsed. Therefore, a final judgment on the merits was rendered by the state court against Debtor and the second prong is met.

The third prong of the collateral estoppel test is also satisfied because the parties are the same. Debtor's Answer admits the identity of the parties to the present action and that they were the parties to the disputed lease agreement. However, the first and fourth prongs of the collateral estoppel test, regarding identical issues and having a full and fair opportunity to litigate, are more complex and are analyzed below in relation to each of the five elements of section 523(a)(2)(A).

**III. 11 U.S.C. §523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge certain debts obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting Debtor's financial condition. 11 U.S.C. §523(a)(2)(A). This exception to discharge applies if "a debtor (1) made a representation, (2) with knowledge of its falsity, (3) deliberately for the purpose of deceiving the creditor, (4) who justifiably relied on the representation, and which (5) proximately caused the creditor damage." Excellent Home Properties, Inc. v. Kinard (In re Kinard), 998 F.3d 352, 354-55 (8th Cir. 2021) (quoting Hernandez v. Gen. Mills Fed. Credit Union (In re Hernandez), 860 F.3d 591, 602 (8th Cir. 2017)). "Exceptions to discharge are to be construed narrowly." In re Hernandez, 860 F.3d at 602 (citing Reshetar Sys., Inc. v. Thompson (In re Thompson), 686 F.3d 940, 944 (8th Cir. 2012)).

"Whether a requisite element of a claim under § 523(a)(2)(A) has been satisfied is a factual determination...." In re Hernandez, 860 F.3d at 602 (quoting R & R Ready Mix v. Freier (In re Freier), 604 F.3d 583, 587 (8th Cir. 2010)). This factual determination must be supported by a preponderance of the evidence. Grogan, 498 U.S. at 291. The burden of proof lies with the creditor. In re Kinard, 998 F.3d at 354.

As stated, the first and fourth prongs of the collateral estoppel test are what remains for Plaintiffs to prove each of the five required elements under 11 U.S.C. §523(a)(2)(A). Plaintiffs argue they have proven the first prong of South Dakota's four-part test for collateral estoppel – whether the issue in the prior adjudication is

identical to the present issue – by proving state court fraud. Collateral estoppel prevents relitigating issues actually litigated in a prior proceeding. Nelson v. Hawkeye Sec. Ins. Co., 369 N.W.2d 379, 381 (S.D. 1985). In order to find Plaintiffs have proven this element, the Court must make a "determination of the precise issues" litigated and decided in the state court case and the issues raised in this adversary proceeding. SDDS, Inc. v. State of S.D., 994 F.2d 486, 493 (8th Cir. 1993) (citing Melbourn v. Benham, 292 N.W.2d 335, 338 (S.D. 1980)). "These issues must be identical for collateral estoppel to apply." Id. (citing Staab v. Cameron, 351 N.W.2d 463, 465 (S.D. 1984)). If there was no finding as to a particular question of fact or law in the prior proceeding, collateral estoppel does not apply. American Family Ins. Group v. Robnik, 787 N.W.2d 768, 775 (S.D. 2010).

With respect to the fourth prong of the collateral estoppel test, a full and fair opportunity to litigate the issues in the prior adjudication, the Court applies "a practical analysis" under South Dakota law to the record before it. First State Bank of Roscoe v. Stabler, 914 F.3d at 1137 (considering "the parties' roles and actions in the underlying proceeding" and "what the parties communicated to one another and to the court about what they understood to be at issue") (citing Robnik, 787 N.W.2d at 775-76).

When applying the doctrine of collateral estoppel, the Court finds Plaintiffs have met the first, second, third, and fifth elements of 11 U.S.C. §523(a)(2)(A). The state court's Partial Judgment entered on September 23, 2016, found Debtor "engaged in fraud in leasing the property owned by Plaintiffs by signing Defendant Sandra Kant's name to the subject rental agreements without her knowledge or consent[.]" Under South Dakota law, the essential elements of fraud are:

> That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

Stabler v. First State Bank of Roscoe, 865 N.W.2d 466, 477 (S.D. 2015) (quoting Northwest Realty Co. v. Colling, 147 N.W.2d 675, 683 (S.D. 1966)). After a jury

trial, the state court found Debtor's actions were the legal cause of the damages to Plaintiffs. Therefore, the findings and conclusions of the state court satisfy the first, second, third, and fifth elements of a section 523(a)(2)(A) claim.

However, as it relates to the fourth element of section 523(a)(2)(A), Plaintiffs have not pointed to anything in the record that proves they justifiably relied upon Debtor's false representation of the co-signor on the lease agreement or that Debtor had a full and fair opportunity to litigate the justifiable reliance issue in state court. In order to find Debtor engaged in fraud, the state court only had to conclude Plaintiffs "did in fact rely on" the false representation. Stabler v. First State Bank of Roscoe, 865 N.W.2d at 477. But the caselaw under section 523(a)(2)(A) requires more than simple reliance; it requires "justifiable" reliance. See In re Kinard, 998 F.3d at 354-55 (quoting In re Hernandez, 860 F.3d at 602). "Justifiable reliance is an intermediate standard between actual reliance and reasonable reliance." Heide v. Juve (In re Juve, 761 F.3d 847, 851 (8th Cir. 2014) (citing Field v. Mans, 516 U.S. 59, 70-73 (1995)). "[A] victim of fraud is not justified in relying on a representation, and a duty to investigate arises, where 'the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived.'" In re Kinard, 998 F.3d at 355 (quoting In re Hernandez, 860 F.3d at 604).

There is no indication in the record before the Court that the state court considered whether Plaintiffs' reliance was "justifiable" or that Debtor had a full and fair opportunity to litigate the justifiable reliance issue. Further, there is nothing in the record that reveals why a co-signor was a condition for Plaintiffs to enter into the lease agreement with Debtor, what communications might have surrounded the requirement that a co-signer sign the lease agreement, what due diligence Plaintiffs performed regarding the co-signor requirement, whether Plaintiffs attempted to meet Sandra Kant before the lease agreement was executed or required certain information from her to determine she was credit worthy to serve as a co-signor, or whether any facts were apparent to Plaintiffs and should have served as a warning they were

being deceived when relying on the signature of the purported co-signor. The issue in the prior adjudication that Plaintiffs "did in fact rely" is not identical to the present issue of justifiable reliance. Therefore, the first and fourth prongs of the collateral estoppel test are not fully satisfied, and Plaintiffs have not proven the fourth element of 11 U.S.C. §523(a)(2)(A).

## CONCLUSION

Plaintiffs rely on collateral estoppel to establish all elements of nondischargeability under 11 U.S.C. §523(a)(2)(A) as a matter of law. Plaintiffs partially met their burden. Accordingly, the Court will enter an order granting partial summary judgment on four of the five elements under 11 U.S.C. §523(a)(2)(A), namely: Debtor made a representation, with knowledge of its falsity, deliberately for the purpose of deceiving Plaintiffs, and which proximately caused Plaintiffs damage. However, because the state court did not address whether Plaintiffs' reliance on the forged signature was justifiable, the Plaintiffs still bear the burden of proving justifiable reliance under 11 U.S.C. §523(a)(2)(A). The Court will schedule a second pre-trial conference with counsel to set a trial date and related deadlines regarding the remaining issue under section 523(a)(2)(A).

So ordered: October 30, 2026.

BY THE COURT:

Laura L. Kulm Ask

Laura L. Kulm Ask
Bankruptcy Judge